**David Lee MOSHENEK, Appellant–Petitioner,**

v.

**Rondle ANDERSON, Superintendent of Indiana State Prison, Appellee–Respondent.**

No. 46A05–9808–CV–431.

Court of Appeals of Indiana.

Oct. 29, 1999.

---

David Lee Moshenek, Michigan City, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attor-

**5.** Because we find the issue discussed to require reversal, we do not reach his other claims of error.

ney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, David Lee Moshenek (Moshenek), challenges the trial court's denial of his claim for educational credit [1] for receiving a second associate's degree.

We reverse.

The facts reveal that on August 9, 1995, Moshenek received an associate's degree in General Studies from Vincennes University while serving a sixty year sentence at the Indiana State Prison. Upon completing his associate's degree, Moshenek applied for an educational credit pursuant to I.C. 35–50–6–3.3 which allows him a one-year credit toward his sentence. On January 8, 1996, the Indiana Department of Correction (IDOC) granted Moshenek a one-year credit for successful completion of his degree.

After receiving credit for this degree, Moshenek completed another associate's degree in Biblical Studies at Grace College and again applied for an educational credit on August 29, 1997. IDOC, however, refused to recognize his second associate's degree and denied him the credit. Moshenek filed a grievance, which IDOC denied and remanded the matter to its classification appeal process. The classification appeal was denied because IDOC only allows one educational credit per degree level. Moshenek then filed a habeas corpus petition with the trial court. The trial court summarily denied the petition.

Upon appeal, Moshenek contends that the trial court erroneously denied his habeas corpus petition for an educational credit. Before discussing whether Moshenek should have received an educational credit, we must first note that Moshenek mischaracterized his petition when he labeled it as one for habeas corpus relief.

"One is entitled to a writ of habeas corpus only if he is entitled to immediate release from unlawful incarceration." *Jennings v. State* (1979) 270 Ind. 699, 700, 389 N.E.2d 283, 284. Moshenek's petition does not claim that he is entitled to an immediate release from prison or that he is unlawfully being held. Instead, Moshenek's petition asks for an additional credit to be subtracted from his sentence, and therefore, his petition is more in the nature of one for post-conviction relief. Our Supreme Court has held that a court may treat an erroneously labeled petition for habeas corpus relief as one for post-conviction relief in *Miller v. Lowrance* (1994) Ind., 629 N.E.2d 846, and in *Dunn v. Jenkins* (1978) 268 Ind. 478, 377 N.E.2d 868. *Lowrance* was recently followed in *Miller v. Bryant* (1994) Ind.App., 644 N.E.2d 188, *trans. denied*. We, therefore, treat Moshenek's petition for habeas corpus relief as a petition for post-conviction relief.

Moshenek asserts that he is entitled to an educational credit pursuant to I.C. 35–50–6–3.3 (Burns Code Ed. Repl.1998) for completing a second associate's degree. Ind.Code 35–50–6–3.3 reads in pertinent part:

"(a) . . . a person earns credit time if the person:

\* \* \*

(3) Successfully completes requirements to obtain one (1) of the following:

(A) A general educational development (GED) diploma under IC 20–10.1–12.1, if the person has not previously obtained a high school diploma.

(B) A high school diploma.

(C) An associate's degree from an approved institution of higher learning (as defined under IC 20–12–21–3).

---

1. I.C. 35–50–6–3.3 (*Burns Code Ed. Repl.* 1998).

(D) A bachelor's degree from an approved institution of higher learning (as defined under IC 20–12–21–3).

(b) The amount of credit time a person may earn under this section is the following:

(1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma under IC 20–10.1–12.1.

(2) One (1) year for graduation from high school.

(3) One (1) year for completion of an associate's degree.

(4) Two (2) years for completion of a bachelor's degree.

\* \* \*

(e) The maximum amount of credit time a person may earn under this section is the lesser of:

(1) Four (4) years; or

(2) One-third (⅓) of the person's total applicable credit time."

IDOC found that Moshenek was not entitled to an additional one-year credit for his second associate's degree because it interpreted I.C. 35–50–6–3.3 to allow a person to receive only one educational credit per degree level. IDOC contends that the language in subsection (a) including "one (1) of the following" and the use of singular articles before each degree, e.g., *an* associate's degree, unambiguously means that it may only grant one credit per degree level. Appellee's Brief at 4.

We turn to the rules of statutory construction for guidance in deciding whether I.C. 35–50–6–3.3 permits Moshenek to receive a one-year credit for his second associate's degree. In construing a statute, "we may not interpret the meaning of a statute that is clear and unambiguous on its face." *Miller v. Bryant, supra,* 644 N.E.2d at 191. "If a statute is ambiguous, however, we must ascertain the legislature's intent and interpret the statute so as to effectuate that intent." *Id.* When

doing so, we read the statute as a whole, attempting to give effect to all provisions. *Miller v. Walker* (1994) Ind.App., 642 N.E.2d 1000, 1002, *affirmed by,* (1995) Ind., 655 N.E.2d 47; *State v. Eckhardt* (1997) Ind.App., 687 N.E.2d 374, 376–77.

Here, I.C. 35–50–6–3.3 is ambiguous because of what it does not say. Subsection (a) does not expressly state that a person may receive a credit for completing only one of each of the degrees listed in the statute, nor does it expressly permit a person to receive credit for multiple degrees of the same educational level. Also, subsection (e), which limits the amount of credit time to the lesser of four years or one-third of the total applicable credit, necessarily contemplates multiple degrees, but this subsection also does not include any description of what combination of degrees a person may count toward this upper limit.

Thus, I.C. 35–50–6–3.3 is capable of more than one interpretation regarding credits for multiple degrees of the same level, and we must try to effectuate the legislature's intent to resolve this ambiguity. In *Miller v. Bryant, supra,* 644 N.E.2d at 191, we concluded that the legislature's intent in enacting this statute was "to provide incentive to further one's education while incarcerated." Because the purpose behind the statute is to further education, no legitimate argument may be made that a person should not receive credit for multiple degrees of the same educational level under the statute. The statute neither explicitly nor implicitly prohibits multiple degrees of the same level.

The educational credit statute was designed to enhance rehabilitation through education. IDOC contends that receiving credit for two degrees of the same educational level contravenes the statute's intent of providing an incentive to further one's education. Appellee's Brief at 5. When a person pursues two college degrees in different areas of concentration, he is furthering his education, even if those

degrees are of the same educational level. In the instant case, Moshenek received an associate's degree in General Studies and later completed an associate's degree in Biblical Studies. Discouraging a person from pursuing further education, regardless of degree level, flies in the face of the legislature's intent. When reading the statute to comport with the legislature's intent of furthering one's education, we hold that the statute does not preclude a person from using multiple degrees of the same educational level to comprise his total credit time. If the legislature prefers to prohibit a person from receiving credit for multiple degrees of the same educational level, then it is free do so by amending the statute.

The judgment is reversed.

RILEY, J., and MATTINGLY, J., concur.