Both the State and Vanzo focused their arguments on whether the search was prompt. While the timing of a search is a significant factor in determining whether a crime scene is secure, we note that it is not dispositive in and of itself. *See Thompson,* 469 U.S. at 21, 105 S.Ct. 409 (stating that while the four-day search in *Mincey* was a greater intrusion than the two-hour search at bar, "nothing in *Mincey* turned on the length of time taken in the search or the date on which it was conducted. A 2–hour general search remains a significant intrusion on petitioner's privacy and therefore may only be conducted subject to the constraints—including the warrant requirement—of the Fourth Amendment"). Indeed, there is no magical moment when promptness passes. Rather, we consider such factors as the number of officers on the scene and their actions before a victim-or-suspect search is performed; the nature of the search, such as whether it is investigative; and the timing of the search.

**In the Matter of B.D.T., A Child Alleged to be a Delinquent Child, Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

No. 85A04–0005–JV–212.

Court of Appeals of Indiana.

Nov. 22, 2000.

Michael Jay Smith, Wabash, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant Respondent, B.D.T., appeals an adjudication finding him to be a delinquent child for committing sexual battery, Ind.Code § 35–41–1–16, an act which would be a Class D felony if committed by an adult.

Judgment vacated.

### ISSUES

B.D.T. raises two issues on appeal, one of which we find dispositive [1]: whether the juvenile court had jurisdiction over a 16–year old juvenile who was alleged to have committed criminal deviate conduct.

### FACTS AND PROCEDURAL HISTORY

On August 1, 1998, M.F., age 15, went to her stepsister's house to get ready to watch a parade. While at the house, M.F.'s stepbrother, B.D.T., age 16, took her shoe and threw it in his bedroom. M.F. went into B.D.T.'s bedroom to retrieve her shoe. B.D.T. followed her into the room and shut the door. M.F. testified that B.D.T. "wanted to kiss me and I said 'No.' " (R. 173). M.F. further testified that B.D.T. kissed her regardless of her saying "No." At some point, the bedroom door became jammed. B.D.T. and M.F. realized that they could not get out of the room. M.F. testified that, while locked in the bedroom, B.D.T. "began to touch me ... he put his hands up my shirt ... and down my pants." (R. 176). When asked "were you able to get him to stop at some point," M.F. replied "No. I asked him to, but he wouldn't stop." (R. 176).

B.D.T. was charged with criminal deviate conduct, Ind.Code § 35–42–4–2, an act which would be a Class B felony if committed by an adult. On October 13, 1999, the juvenile court found that B.D.T. was not a delinquent child by reason of the offense of criminal deviate conduct. Rather, the juvenile court found that B.D.T. was a delinquent child by reason of the offense of sexual battery as an included offense to the charged crime of criminal deviate conduct. On November 15, 1999, the juvenile court ordered B.D.T. to serve 14 days in the Wabash County Jail upon turning age 18 and ordered that he have no contact with M.F. On December 15, 1999, B.D.T. filed a motion to correct errors. The motion was denied on February 7, 2000. B.D.T. now appeals.

### DISCUSSION AND DECISION

■ B.D.T. argues that the juvenile court committed fundamental error in failing to transfer jurisdiction of the case to the criminal docket because he was charged with the offense of criminal deviate conduct. We agree.

---

1. Because we find that the juvenile court lacked subject-matter jurisdiction, we refrain from discussing whether the juvenile court erred in finding that B.D.T. committed sexual battery as a lesser included offense of criminal deviate conduct.

Ind.Code § 31–30–1–4 states in pertinent part that:

(a) The juvenile court does not have jurisdiction over an individual for an alleged violation of:

\* \* \*

(4) IC 35–42–4–2 (criminal deviate conduct);

\* \* \*

if the individual was at least sixteen (16) years of age at the time of the alleged violation.

(b) Once an individual described in subsection (a) has been charged with any crime listed in subsection (a)(1) through (a)(15), the court having adult criminal jurisdiction shall retain jurisdiction over the case even if the individual pleads guilty to or is convicted of a lesser included offense. A plea of guilty to or a conviction of a lesser included offense does not vest jurisdiction in the juvenile court.

B.D.T. was charged with criminal deviate conduct, which is an offense listed in the above statute. B.D.T. was adjudged a delinquent child by reason of the offense of sexual battery as an included offense to the charged crime of criminal deviate conduct. On the date of the alleged offense, B.D.T. was 16–years old.

■ A judgment made when the court lacks subject matter jurisdiction is void. *Clark v. State*, 727 N.E.2d 18, 20 (Ind.Ct. App.2000).

Jurisdiction is the legal power to entertain any matter or proceeding, and the power to act must be derived from the Constitution or from some statute. Jurisdiction, in this state, embraces three essential elements: (1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case. Subject matter jurisdiction concerns whether or not the particular court has jurisdiction over the general class of actions to which the particular

case belongs. Subject matter jurisdiction must be derived from the Constitution or a statute and cannot be conferred by the consent or agreement of the parties. Neither can an objection to subject matter jurisdiction be waived.

*Twyman v. State*, 459 N.E.2d 705, 707 (Ind.1984) (citations omitted).

Because B.D.T. was 16–years old when the alleged offense occurred, the juvenile court, by Ind.Code § 31–30–1–4, lacked the requisite subject-matter jurisdiction to hear his case. Consequently, the juvenile court's judgment is void. Therefore, the juvenile court's judgment is vacated.

■ B.D.T. also argues that jeopardy having attached, the case against him should be dismissed. The State acknowledges that the juvenile court did not have jurisdiction over B.D.T.'s case. However, the State maintains that B.D.T. was not placed in jeopardy, because " '[a]n accused is not put in jeopardy by a judgment of conviction which is void for lack of jurisdiction. When discharged thereunder he may again be arrested and prosecuted on the original indictment.' " *Majors v. State*, 252 Ind. 672, 677, 251 N.E.2d 571, 574 (1969) (quoting *Slack v. Grigsby*, 229 Ind. 335, 97 N.E.2d 145, 148 (1951)).

■ In *United States v. Ball*, 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), the United States Supreme Court held that "[a]n acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense." Our state has accepted the general proposition that jeopardy does not attach to a judgment void for lack of jurisdiction. *Majors*, 251 N.E.2d at 574.

Consequently, B.D.T. was not put in jeopardy by the juvenile court's judgment, because the judgment is void.

## CONCLUSION

Based on the foregoing, we conclude that the juvenile court committed fundamental error in failing to transfer jurisdiction of B.D.T.'s case to the criminal docket.

Judgment vacated.

BARNES, and BAILEY, JJ., concur.