**Maurice D. FULLER, Jeffrey C. Ferguson, Alonzo L. Jordan, Appellants–Petitioners,**

v.

**Christopher MELOY, Superintendent, Plainfield Correctional Facility, Appellee–Respondent.**

No. 32A01–0511–CV–521.

Court of Appeals of Indiana.

June 16, 2006.

Maurice D. Fuller, Jeffrey C. Ferguson, Alonzo L. Jordan, Appellants pro se.

Stephen R. Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Maurice D. Fuller, Jeffrey C. Ferguson, and Alonzo L. Jordan appeal the trial court's denial of additional credit time toward their sentences.

We affirm.

### ISSUE

Appellants present one issue, which we restate as: whether the trial court erred by denying the appellants' petition for additional credit time toward their sentences.

### FACTS AND PROCEDURAL HISTORY

The Appellants are incarcerated in the Indiana Department of Correction at the Plainfield Correctional Facility in Plainfield, Indiana, and, while incarcerated, each of them completed an approved vocational program. By statute, successful completion of such a program earns an inmate credit time toward his or her sentence. The Appellants each received a three month credit toward their individual sentences when they completed their programs. Believing they were to receive more than three months credit, they jointly petitioned the trial court for additional credit time toward their respective sentences. The trial court denied their petition, and this appeal followed.

### DISCUSSION AND DECISION

The Appellants contend that the trial court improperly denied their joint petition for additional credit time. Specifically, the appellants argue that pursuant to the applicable statute, they should have received six months of credit time rather than the three months they each received for their completion of an approved vocational education program while incarcerated.

A question of statutory interpretation is a matter of law, and we are neither bound by, nor are we required to give deference to, the trial court's interpretation. *Perry–Worth Concerned Citizens v. Board of Com'rs of Boone County,* 723 N.E.2d 457, 459 (Ind.Ct.App.2000), *trans. denied.* When interpreting a statute, we look to the express language of the statute and the rules of statutory construction. *Indiana State Teachers Ass'n. v. Board of School Com'rs of City of Indianapolis,* 693 N.E.2d 972, 974 (Ind.Ct.App.1998). However, we may not interpret a statute that is clear and unambiguous on its face. *Schafer v. Sellersburg Town Council,* 714 N.E.2d 212, 215 (Ind.Ct.App.1999), *trans. denied.* Rather, the words of the statute are to be given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Id.* Additionally, the language employed in a statute is deemed to have been used intentionally. *Id.*

The statute at issue in this case is Ind.Code § 35–50–6–3.3 and is entitled Credit Time for Successful Completion of Educational Degree. Ind.Code § 35–50–

6–3.3(b)(3)(A) provides that a person may earn credit time while he or she is confined by the department of correction if, in addition to other requirements that are not at issue in this case, the person successfully completes a vocational education program approved by the department of correction. Additionally, Ind.Code § 35–50–6–3.3(d) provides, in pertinent part:

The amount of credit time a person may earn under this section is the following:

(1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma under IC 20–20–6.

(2) One (1) year for graduation from high school.

(3) One (1) year for completion of an associate's degree.

(4) Two (2) years for completion of a bachelor's degree.

(5) Not more than a total of six (6) months of credit, as determined by the department of correction, for the completion of one (1) or more vocational education programs approved by the department of correction.

(6) * * * * *

(7) * * * * *

The Appellants argue that the wording of subsection (5) creates a mandatory award of six months of credit time for any prisoner who completes an approved vocational program.

This statute is clear and unambiguous on its face. Subsection (5) explicitly provides that a prisoner may be awarded *not more than* a total of six months credit *as determined by the department of correction.*[1] Thus, the statute places the determination of the amount of credit time to be awarded within the discretion of the department of correction while limiting the

amount of credit time to a total of six months. Although the legislature did not set forth a specific amount of credit time to be awarded upon completion of vocational programs, it did so for other educational programs. *See* Ind.Code § 35–50–6–3.3(d)(1), (2), (3) and (4) (providing specific amounts of credit time for completion of GED, high school, associate's degree, and bachelor's degree). Accordingly, if the legislature had wanted a specific, mandated amount of credit time to be awarded to inmates who successfully completed vocational programs, it simply could have stated so, as it did for other educational programs available in the department of correction.

## CONCLUSION

Based upon the foregoing discussion and authorities, we conclude that the trial court properly denied the Appellants' joint petition for additional credit time.

Affirmed.

ROBB, J., concurs.

DARDEN, J., dissents with opinion.

DARDEN, Judge, dissenting.

I would respectfully dissent because I find an implicit due process issue presented here. In an analogous scenario, *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), held that where the State has created a statutory right to "good time" credit for a prison inmate, this is a liberty interest which "entitle[s] [the inmate] to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Further, "the touchstone of due process is

---

1. Absent statutory or internal rules setting guidelines for the determination of the amount of credit time for the successful com-

pletion of vocational education programs, we believe the department's discretion to be unlimited.

protection of the individual against arbitrary action of government." *Id.* at 558, 94 S.Ct. 2963. Therefore, I believe due process requires some showing to the trial court that the Department of Correction has a policy in place that determines the credit to be awarded for the various vocational education programs approved by the Department.

I cannot fault the reasoning of the majority based upon the language of the statute at issue. The statute indeed provides that the inmate "may earn" up to a total of six months of credit for the completion of vocational education programs. Ind. Code § 35–50–6–3.3(d). However, I am reluctant to find that the statutory language gives the personnel of the Department unfettered discretion to determine whether to award anywhere from one day to 180 days of credit to the inmate who has completed such a program. Are there different kinds of vocational programs that result in different amounts of credit awarded? If so, why? Does a single Department official make the credit determination, or is it by committee? To protect the inmate "against arbitrary action" in deciding the credit to be awarded, *id.*, I believe due process requires that there be a written policy with objective criteria for making this determination.

My concern is not meant to cast doubt upon or disparage the integrity of DOC personnel. Rather, I believe that having a policy in place that defines the process for determining a credit toward the inmate's sentence will serve the best interests of both the Department—to shield it from inmate distrust and claims of arbitrary action, and the inmates—providing a real incentive to pursue programs that will, hopefully, make them more productive members of society upon release.

Accordingly, I would reverse and remand for the trial court to consider evidence concerning how the determination of the amount of credit awarded to Appellants was determined.