Brian SAMUELS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 25A05–0512–PC–710.

Court of Appeals of Indiana.

June 21, 2006.

Transfer Denied Sept. 7, 2006.

Brian Samuels, Plainfield, IN, Appellant Pro–Se.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Brian Samuels appeals from the denial of his petition for post-conviction relief, claiming that he was entitled to educational credit time while serving his sentence for escape and an enhanced sentence for being a habitual offender. In response, the State argues that the post-conviction court lacked subject matter jurisdiction over this matter because Samuels failed to exhaust his ad-

ministrative remedies through the Department of Correction (DOC). Concluding that the post-conviction court was without jurisdiction to hear this matter, we dismiss the appeal.

### FACTS

On January 9, 1995, the trial court sentenced Samuels to an eight-year term of incarceration with two years suspended on probation following his conviction for escape. The sentence was also enhanced by nine years after Samuels was found to be a habitual offender, resulting in an aggregate sentence of fifteen years with two years suspended. Following Samuels's direct appeal to this court, we affirmed the convictions.[1]

While Samuels was incarcerated, he enrolled in a high school correspondence program from Continental Academy in Coral Gables, Florida. Samuels obtained a diploma from Continental Academy on May 18, 2005. Thereafter, Samuels submitted his diploma and academic record to the DOC, but his request for educational credit time was denied. The DOC maintained that the correspondence course that Samuels claimed to have completed was not recognized by any governmental body and therefore would not be recognized by its agency.

On July 25, 2005, Samuels filed a petition for post-conviction relief, claiming that he should have been awarded educational credit time for obtaining a high school diploma from Continental Academy, and that the DOC had wrongfully denied his request. At an evidentiary hearing that commenced on September 21, 2005, Samuels introduced a number of exhibits, including a purported academic record from Continental Academy, indicating that Samuels had graduated with a standard high

school diploma on May 18, 2005. However, two other exhibits showed that Continental Academy was not accredited by the State of Florida or by any other governmental body.

Thereafter, the post-conviction court denied Samuels's request for relief and concluded that the DOC had not acted arbitrarily or capriciously in denying his request for the education credit time. The post-conviction court determined that Samuels had failed to establish that Continental Academy was an accredited institution. Moreover, the post-conviction court found that Samuels failed to establish that Continental Academy had standards that met, or were equivalent to, the standards required for a high school diploma in Indiana. Finally, the post-conviction court observed that "Samuels's claim, of course, is to be decided by the [DOC]. He has made no showing that the Court should intervene to modify the Administration's decisions that he is wrongfully being withheld credit." *Id.* at 27. Samuels now appeals.

### DISCUSSION AND DECISION

The threshold inquiry here is not whether Samuels is entitled to educational credit time, but rather who should review the DOC's initial determination in that regard. Thus, we will address the State's contention that the post-conviction court lacked subject matter jurisdiction over this case, upon the theory that Samuels's request for educational credit time rests solely within the DOC's jurisdiction.

We note that the question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *M.B. v. State*, 815 N.E.2d 210, 214 (Ind.Ct.App.2004). The

1. *Samuels v. State,* No. 25A05–9607–CR–288, 676 N.E.2d 39 (Ind.Ct.App. Feb.4, 1997).

only inquiry relevant to a determination of whether the post-conviction court had subject matter jurisdiction is whether the kind of claim advanced by a petitioner in the post-conviction court falls within the general scope of authority conferred upon that court by constitution or statute. *In re K. B.*, 793 N.E.2d 1191, 1198 n. 6 (Ind.Ct.App. 2003). Moreover, subject matter jurisdiction cannot be waived. *See B.D.T. v. State*, 738 N.E.2d 1066, 1068 (Ind.Ct.App. 2000).

Post-conviction relief is a product of our Supreme Court and is, therefore, entirely defined in scope by the post-conviction rules it has adopted. Indiana Post–Conviction Rule 1(1)(a) provides that post-conviction relief is only available in the following instances:

(1) that the conviction or sentence was in violation of the Constitution of the United States or the constitution or laws of this State;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy.

In applying this rule, we observe that Samuels is not challenging his conviction or the sentence that was imposed. Moreover, Samuels is not claiming entitlement to immediate release from prison, and he does not contend that his sentence exceeds the authorized sentence. Had Samuels contended in his petition for post-conviction relief that his educational credit time would have entitled him to immediate release from incarceration, his case would have fallen under Post–Conviction Rule 1(1)(a)(5), the subsection that is an alternative to the right of habeas corpus. *See Mills v. State*, 840 N.E.2d 354, 357 (Ind.Ct. App.2006) (recognizing that in those instances where neither party claims that the trial court erred in treating a petitioner's writ of habeas corpus as a petition for post-conviction relief, the merits of the case may be addressed).

However, the State points out that this court has, on occasion, permitted claims for educational credit time to proceed in accordance with post-conviction procedures. *See Moshenek v. Anderson*, 718 N.E.2d 811, 812 (Ind.Ct.App.1999). Be that as it may, the State made no subject matter jurisdiction challenge in those instances, and this court was not presented with an argument that what the petitioner claimed was actually an administrative claim against the DOC. To be sure, most of the reported cases involved an issue as to whether the petitioner's claim fell within the habeas corpus statute or had the appearance of post-conviction proceedings. *See Dunn v. Jenkins*, 268 Ind. 478, 479–80, 377 N.E.2d 868, 870–71 (1978); *McGee v. State*, 790 N.E.2d 1067, 1068–69 (Ind.Ct. App.2003); *Moshenek v. Anderson*, 718 N.E.2d 811, 812 (Ind.Ct.App.1999).

Additionally, the legislative intent behind the educational credit time statute is to enhance rehabilitation by providing offenders with the incentive to further their

education while incarcerated. *See McGee v. State*, 790 N.E.2d 1067 at 1070. While the trial court determines the initial credit time when an offender is sentenced, modification to that credit time—which includes modification because of educational credit—is the responsibility of the DOC. *See Robinson v. State*, 805 N.E.2d 783, 791 (Ind.2004); *see also Sander v. State*, 816 N.E.2d 75, 78 (Ind.Ct.App.2004) (holding that application for educational credit time must be made to and the initial ruling thereon made by the DOC when the educational achievement was accomplished after sentencing, and by the jailing authority in cases where the educational achievement was accomplished while confined prior to sentencing). In other words, the trial court imposes the sentence, and the DOC administers the sentence. Thus, the DOC maintains the responsibility to deny or restore credit time. *See Hildebrandt v. State*, 770 N.E.2d 355, 360 (Ind.Ct.App. 2002) (recognizing that a sentence may be administratively reduced for good behavior by correctional authorities).

Finally, we note that our legislature has specifically determined that offender grievances arising out of administrative acts that affect an offender are to be resolved through a departmental grievance procedure. In particular, Ind.Code section 11–11–1–2 provides that:

> The commissioner shall implement a departmental procedure in which a committed person may submit grievances arising out of the administrative acts of the department that affect that person. Although the procedure should encourage flexibility and informality in the resolution of grievances, it must be consistent with the following minimum requirements:
>
> (1) A committed person shall be informed of the grievance procedure as part of his orientation.
>
> (2) The department must periodically communicate to a committed person the rules and policies affecting him.
>
> (3) The department shall keep the person reasonably informed as to the status and ultimate disposition of his grievance.
>
> (4) The department may not undertake any act or practice that would discipline a person for, or otherwise discourage or limit him from, utilizing the grievance procedure.

In this case, because Samuels is claiming that the DOC wrongfully denied him educational credit time, his grievance is with the DOC, and he must, therefore, exhaust all of his administrative remedies with the DOC before resorting to the judicial system. In light of the above, it is apparent that Samuels has failed to exhaust his available remedies within the DOC. As a result, the post-conviction court lacked subject matter jurisdiction to entertain Samuels's education credit time complaint, and the judgment must be set aside.

Appeal dismissed.[2]

MAY, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

Samuels does not contend that submitting his claim to the grievance procedures of the DOC, as contemplated by Indiana Code § 11–11–1–2 (Burns Code Ed. Repl. 2003) would be a futile gesture based upon

---

**2.** Although we are dismissing Samuels's appeal for lack of subject matter jurisdiction, the exhibits that Samuels offered at the post-conviction hearing failed to establish that Continental Academy was an accredited institution. Pet's. Ex's. 2, 9. Samuels also failed to show that Continental Academy instructed him in the areas of Indiana history, science, or history that are required pursuant to Indiana Code section 20–30–5–1, –2,–4, and 5–7.

the denial of his claim by the DOC on two occasions. However, it may well be the fact giving Samuels entitlement to judicial review of the denial.

Instead, Samuels asserts that his claim is "non-grievable" because it "pertains to 'state law.'" Appellant's Reply Br. at 4. Samuels is claiming that he is entitled to educational credit time pursuant to Indiana Code § 35–50–6–3.3 (Burns Code Ed. Repl.2005) by reason of having obtained a "diploma from a high school correspondence curriculum" in Coral Gables. Indiana Code § 35–50–6–3.3(a)(3)(B) does not state that the high school diploma obtained must be from an "accredited" school. Although I.C. § 35–50–6–3.3(c) specifies that DOC is to "establish admissions criteria and other requirements for programs available for earning credit time *under subsection (b),*" that statutory delegation is applicable only to the programs enumerated under (b). Those enumerated programs do not include obtaining a "high school diploma." That provision for credit is contained under subsection (a). Accordingly, I conclude that there is an absence of an accreditation requirement for the obtaining of a high school diploma.

While it seems logical to require some accreditation or recognition by a governmental body, in order to prevent affording credit for an arguably "fraudulent diploma from some 'diploma mill,'" that requirement is not contained in the law as it exists. Appellee's Br. at 11.[3]

In this context, the claim of Samuels requires examination and interpretation of "state law" and is therefore non-grievable.

3. Certainly, the General Assembly is well within its prerogative to cure the omission which I perceive to exist, whether that omission was intentional or merely inadvertent.

4. I would note that a different panel of this court, in *Fuller v. Meloy,* 848 N.E.2d 1172 (Ind. Ct.App.2006), reviewed a trial court de-

For this reason, I would hold that Samuels did not fail to exhaust available administrative remedies and that dismissal of the appeal on that ground is inappropriate.[4]

nial of a petition for review of the Department of Correction determination concerning credit time for completion of a vocational education program. There was no showing in that case that the inmates had "exhausted their administrative remedies" as we require in this case.