Hollis B. MEMBERS Jr., Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A04–0510–PC–569.

Court of Appeals of Indiana.

July 27, 2006.

---

Hollis B. Members Jr., Greencastle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Hollis B. Members Jr. ("Members") appeals the post-conviction court's denial of his petition for post-conviction relief, claiming that he was entitled to educational credit time for a high school diploma earned from an out-of-state school. Concluding that the post-conviction court was without jurisdiction to hear this matter, we dismiss the appeal.

### Issue

Members raises one issue, which we restate as whether the post-conviction court lacked subject matter jurisdiction over his claim.

### Facts and Procedural History

On April 26, 1994, a jury found Members guilty of two counts of arson and determined that he is a habitual offender. On May 19, 1994, the trial court entered judgments of conviction on the jury's verdicts and sentenced Members to the Indiana Department of Correction for an aggregate term of twenty-eight years.

Subsequently, Members directly appealed his convictions, and another panel of this Court affirmed the trial court. *See Members v. State,* No. 49A02–9409–CR–571, 649 N.E.2d 145, slip. op. at 6 (Ind.Ct. App. May 3, 1995). On February 1, 1996, Members filed a petition for post-conviction relief, which the trial court denied.

On February 22, 2002, Members appealed the denial of his post-conviction petition, as well as his motion to correct erroneous sentence, and, again, another panel of this Court affirmed the lower court. *See Members v. State*, No. 49A02–0203–PC–242, 787 N.E.2d 520, slip. op. at 20 (Ind.Ct.App. Apr. 21, 2003).

■ On May 17, 2005, Members apparently received a high school diploma from Continental Academy. On August 16, 2005, Members filed a petition for the award of educational credit time pursuant to Indiana Code Section 35–50–6–3.3.[1] On August 17, 2005, the post-conviction court denied Members' request for educational credit time. This appeal ensued.[2]

## Discussion and Decision

■ On appeal, Members, *pro se*, argues that the Department of Correction ("DOC") improperly denied him earned credit time for the receipt of a high school diploma, in violation of his constitutional rights. However, because Members's request for educational credit time rests solely within the DOC's jurisdiction, we conclude that the post-conviction court lacked subject matter jurisdiction over this case and, therefore, dismiss the appeal.

■ In that vein, we note that the question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006); *see also M.B. v. State*, 815 N.E.2d 210, 214 (Ind.Ct.App.2004). The only inquiry relevant to a determination of whether the post-conviction court had subject matter jurisdiction is whether the kind of claim advanced by a petitioner in the post-conviction court falls within the general scope of authority conferred upon that court by constitution or statute. *In re K.B.*, 793 N.E.2d 1191, 1199 n. 6 (Ind.Ct. App.2003). Moreover, subject matter jurisdiction cannot be waived and courts are

---

1. Indiana Code Section 35–50–6–3.3 provides, in relevant part:

   (a) In addition to any credit time a person earns under subsection (b) or section 3 of this chapter, a person earns credit time if the person:
   (1) is in credit Class I;
   (2) has demonstrated a pattern consistent with rehabilitation; and
   (3) successfully completes requirements to obtain one (1) of the following:
   * * * * *
   (B) A high school diploma.

2. The Indiana Rules of Appellate Procedure create procedures by which persons who have been convicted of crimes in Indiana may appeal those convictions. *Bellamy v. State*, 765 N.E.2d 520, 521 (Ind.2002). If unsuccessful on appeal, there are procedures in place that allow the convicted person an opportunity to file a petition seeking post-conviction relief. *Id.; see* P–C.R. 1. If still unsuccessful, one of the avenues potentially open to the convicted person is to again seek post-conviction relief through a successive petition. *Bellamy*, 765 N.E.2d at 521; *see* P–C.R. 1(12). However, pursuant to Rule 1(12), convicted persons filing successive petitions for post-conviction relief are required to obtain leave from either the Supreme Court or this Court before filing a successive petition in the post-conviction court.

   In the case at bar, on February 21, 2006, this Court's Motions Panel ordered Members, in part, to show cause why his appeal "should not be dismissed because it appears to arise from the denial of a successive post-conviction relief petition that this Court did not authorize." Thereafter, on March 13, 2006, the Motions Panel determined that Members had shown sufficient cause and allowed his appeal to proceed. We may reconsider a ruling by the motions panel but are reluctant to do so absent clear authority establishing that it erred as a matter of law. *State v. Sagalovsky*, 836 N.E.2d 260, 264 (Ind.Ct.App. 2005), *trans. denied.* Here, because we resolve the case on other grounds, we do not address the propriety of the motions panel's decision to allow Members's appeal to proceed.

required to consider the issue *sua sponte* if it is not properly raised by the party challenging jurisdiction. *See Stewart v. Kingsley Terrace Church of Christ, Inc.*, 767 N.E.2d 542, 544 (Ind.Ct.App.2002); *see also B.D.T. v. State*, 738 N.E.2d 1066, 1068 (Ind.Ct.App.2000).

■ Post-conviction relief is a product of the Indiana Supreme Court and is, therefore, entirely defined in scope by the post-conviction rules it has adopted. *Samuels v. State*, 849 N.E.2d 689, 691 (Ind.Ct. App.2006). Indiana Post–Conviction Rule 1(1)(a) provides that post-conviction relief is only available if the petitioner claims:

(1) that the conviction or sentence was in violation of the Constitution of the United States or the constitution or laws of this State;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy.

In applying this rule, we observe—as did the Court in *Samuels*, 849 N.E.2d at 691—that Members is not challenging his conviction or the sentence that was imposed.

In addition, Members is not claiming entitlement to immediate release from prison, and he does not contend that his sentence exceeds the authorized sentence. Rather, his sole argument on appeal is that he was improperly denied educational credit time for earning his high school diploma.

As Members points out, this Court has, on occasion, permitted claims for educational credit time to proceed in accordance with post-conviction procedures. *See McGee v. State*, 790 N.E.2d 1067, 1068–69 (Ind.Ct.App.2003), *trans. denied; see also Moshenek v. Anderson*, 718 N.E.2d 811, 812 (Ind.Ct.App.1999). However, the issue of subject matter jurisdiction was not addressed in those instances, and this Court did not consider whether what the petitioner claimed was actually an administrative claim against the DOC. *Samuels*, 849 N.E.2d at 691. To be certain, most of the reported cases involved an issue regarding whether the petitioner's claim fell within the habeas corpus statute or had the appearance of post-conviction proceedings. *See Dunn v. Jenkins*, 268 Ind. 478, 479–80, 377 N.E.2d 868, 870–71 (1978); *McGee*, 790 N.E.2d at 1068–69; *Moshenek*, 718 N.E.2d at 812.

■ Further, the legislative intent behind the educational credit time statute is to enhance rehabilitation by providing offenders with the incentive to further their education while incarcerated. *See McGee*, 790 N.E.2d at 1070. While the trial court determines the initial credit time when an offender is sentenced, modification to that credit time-which includes modification because of educational credit-is the responsibility of the DOC. *See Robinson v. State*, 805 N.E.2d 783, 791 (Ind.2004); *see also Samuels*, 849 N.E.2d at 692; *and Sander v. State*, 816 N.E.2d 75, 78 (Ind.Ct.App. 2004) (holding that application for educational credit time must be made to, and the initial ruling thereon made by, the

DOC when the educational achievement was accomplished after sentencing, and by the jailing authority in cases where the educational achievement was accomplished while confined prior to sentencing). Stated differently, the trial court imposes the sentence, and the DOC administers the sentence. *Samuels,* 849 N.E.2d at 692. As a consequence, the DOC maintains the responsibility to deny or restore credit time. *See Hildebrandt v. State,* 770 N.E.2d 355, 360 (Ind.Ct.App.2002) (recognizing that a sentence may be administratively reduced for good behavior by correctional authorities), *trans. denied.*

Finally, we note that our legislature has specifically determined that offender grievances arising out of administrative acts that affect an offender are to be resolved through a departmental grievance procedure. In particular, Indiana Code Section 11–11–1–2 provides:

> The commissioner shall implement a departmental procedure in which a committed person may submit grievances arising out of the administrative acts of the department that affect that person. Although the procedure should encourage flexibility and informality in the resolution of grievances, it must be consistent with the following minimum requirements:
>
> (1) A committed person shall be informed of the grievance procedure as part of his orientation.
>
> (2) The department must periodically communicate to a committed person the rules and policies affecting him.
>
> (3) The department shall keep the person reasonably informed as to the status and ultimate disposition of his grievance.
>
> (4) The department may not undertake any act or practice that would discipline a person for, or otherwise discourage or limit him from, utilizing the grievance procedure.

In the present case, because Members is challenging the DOC's denial of his educational credit time, his grievance is with the DOC. He must, therefore, exhaust all of his administrative remedies with the DOC before resorting to the judicial system. *See, e.g., Samuels,* 849 N.E.2d at 692. Inasmuch as Members has failed to exhaust his available remedies within the DOC, the post-conviction court lacked subject matter jurisdiction to entertain his education credit time complaint and, thus, the judgment must be set aside and this appeal dismissed.

Appeal dismissed.

KIRSCH, C.J., and CRONE, J., concur.