Hollis MEMBERS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A04–0605–PC–269.

Court of Appeals of Indiana.

Dec. 5, 2006.

James C. Spencer, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Hollis Members appeals from the trial court's denial of his request for placement in a post-conviction forensic diversion program (FDP). Finding that Members failed to present sufficient evidence that he qualifies for the FDP, we affirm the judgment of the trial court.

## FACTS

On April 26, 1994, a jury convicted Members of class C felony arson and class C felony conspiracy to commit arson. The jury also found Members to be a habitual offender. On May 19, 1994, the trial court sentenced Members to eight years for the arson conviction and to eight years for the conspiracy conviction, the latter of which was enhanced by twelve years pursuant to the habitual offender finding. The trial court ordered Members's sentences to be served consecutively, for an aggregate term of twenty-eight years imprisonment. Members's earliest projected release date from the Department of Correction (DOC) in this cause is March 6, 2008.

Members directly appealed his convictions, which were affirmed by this Court in a memorandum decision. *Members v. State,* No. 49A02–9409–CR–571, 649

N.E.2d 145 (Ind.Ct.App. May 3, 1995). Members then sought post-conviction relief, which was denied by the post-conviction court on January 25, 2002. Thereafter, we affirmed the denial of his petition for post-conviction relief. *Members v. State,* No. 49A02–0203–PC–242, 787 N.E.2d 520 (Ind.Ct.App. Apr.21, 2003). Subsequently, Members filed a petition for the award of educational credit time, which the post-conviction court denied on August 17, 2005. Members appealed, and on July 27, 2006, we found that the post-conviction court lacked subject matter jurisdiction over his claim and dismissed the appeal. *Members v. State,* 851 N.E.2d 979 (Ind.Ct. App.2006).

In 1994 and 1995, while committed to the DOC, Members exhibited signs of mental illness. In December 1994, Members was psychologically evaluated to determine his competency to stand trial in another pending criminal cause in Marion County. He was deemed not competent to stand trial based upon six diagnoses offered by Dr. Roger Perry—cocaine dependence, polysubstance dependence, cocaine delusional disorder, schizophrenia, paranoid personality disorder, and antisocial personality disorder. After pleading guilty in the unrelated cause, Members was sentenced on June 23, 1995, to ten years for class B felony arson and to a concurrent four years for class C felony forgery. The sentence in that cause was ordered to be served consecutive to the sentence imposed in the underlying cause herein. Members's earliest projected release date from DOC in the unrelated cause is December 26, 2011.

On December 27, 2005, Members filed a request for placement in the FDP. The trial court held a hearing on January 17, 2006, at which Members offered into evidence his DOC health records from 1994 and 1995 and his 1994 competency evaluation from the unrelated cause. Members also offered the testimony of Dr. Perry, who explained that in 1994, Members met the statutory definitions of "mental illness" and "addictive disorder" and that, although being "cured" means different things to different mental healthcare practitioners, it is not likely that Members's illnesses "would have been cured in a brief period of time." Tr. p. 8. Dr. Perry also surmised that the treatment offered by the DOC would be minimal and that, even under the best of circumstances, it is "very unlikely" that significant progress would have been made with respect to Members's mental health since his diagnoses in 1994. Members offered no evidence that he had been evaluated by Dr. Perry or any other mental health professional since 1994.

On March 21, 2006, the trial court issued an order denying Members's motion. In particular, the trial court found that Members "failed to present any evidence regarding his current mental health condition and whether he still suffers from a mental health illness" as defined by the relevant statute. Appellant's App. p. 141. Additionally, the trial court found that it was inappropriate to grant Members's motion because he still has approximately twelve years remaining on his combined sentences for this cause and the unrelated cause. Members now appeals.

### DISCUSSION AND DECISION

█ The FDP statute was enacted relatively recently; consequently, there are no reported cases indicating the precise standard of review to be applied to a trial court's decision regarding an inmate's or defendant's request to be placed in the program. The State and Members agree, however, that inasmuch as a ruling on a request to be placed in the FDP—even a post-conviction request—is essentially a sentencing decision, the determination is within the discretion of the trial court.

*See Estes v. State*, 827 N.E.2d 27, 29 (Ind. 2005) (holding that "[s]ubject to the legal parameters, sentencing determinations are generally within the discretion of the trial court"). An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the trial court. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind.Ct. App.2006).

The FDP is a program designed to provide adults with a mental illness or an addictive disorder who have not been charged with a violent offense, as defined by statute, the opportunity to receive community treatment and other services related to their mental health and addiction needs instead of or in addition to incarceration. Ind.Code § 11–12–3.7–4. An inmate seeking post-conviction placement in the FDP must meet the following criteria:

(1) The person has a mental illness or an addictive disorder.

(2) The person has been convicted of an offense that is:

(A) not a violent offense; and

(B) not a drug dealing offense.

(3) The person does not have a conviction for a violent offense in the previous ten (10) years.

I.C. § 11–12–3.7–12(a). "Addictive disorder" means "a diagnosable chronic substance use disorder of sufficient duration to meet diagnostic criteria within the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association." I.C. § 11–12–3.7–1. "Mental illness" means "a psychiatric disorder that is of sufficient duration to meet diagnostic criteria within the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders published by the American Psychiatric Association." I.C. § 11–12–3.7–5. Members's only conviction that qualifies as a "violent offense" under the FDP statute is his June 23, 1995, conviction for class B felony arson, which occurred more than ten years before Members requested to be placed in the FDP. I.C. § 11–12–3.7–6(20).

Here, the trial court concluded that Members failed to present sufficient evidence that he "has"—in the present tense—a mental illness or addictive disorder[1] such that he qualifies for the FDP. Although Members certainly established that he fulfilled these criteria in 1994, when he was diagnosed with cocaine dependence, polysubstance dependence, cocaine delusional disorder, schizophrenia, paranoid personality disorder, and antisocial personality disorder, he failed to offer any evidence that he currently suffers from any of these conditions.

Members points to Dr. Perry's testimony at the hearing, which indicated, essentially, that Dr. Perry's best guess was that Members's disorders had not been cured since 1994, based both on the seriousness of the disorders and the likely dearth of sufficient treatment while in DOC custody. Members offered no evidence, however, that any health professional had evaluated his *current* mental state and determined that he still suffers from a mental illness and/or addictive disorder. Furthermore, Members did not request an evaluation under Indiana Code section 11–12–3.7–8, which provides the trial court with specific authority to order such an evaluation. Under these circumstances, even if we as-

---

**1.** Although the trial court did not explicitly find that Members had failed to present sufficient evidence that he suffers from an addictive disorder, it is apparent that the trial court intended to make such a finding. Moreover, as explained herein, Members failed to present evidence that he currently suffers from either a mental illness *or* an addictive disorder. Consequently, notwithstanding the language in the trial court's order, Members has not established that he meets the statutory criteria for enrolling in the FDP.

sume for argument's sake that Members is otherwise qualified for the FDP—a dubious proposition at best—we cannot conclude that the trial court abused its discretion in determining that Members failed to present sufficient evidence that he currently suffers from a mental illness or addictive disorder.

The judgment of the trial court is affirmed.

NAJAM, J., and DARDEN, J., concur.