Charles E. WATKINS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee.

No. 79A02–0611–PC–1007.

Court of Appeals of Indiana.

July 11, 2007.

Charles E. Watkins, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SULLIVAN, Judge.

In this pro se appeal, Appellant–Petitioner, Charles Watkins, challenges the post-conviction court's denial of his petition for credit time. Upon appeal, Watkins claims the court's denial of his petition was in error.

We set aside the post-conviction court's judgment and dismiss this appeal.

On June 29, 2001, Watkins was convicted of two counts of Dealing in a Schedule II Controlled Substance, Conspiracy to Commit Dealing in a Schedule II Controlled Substance, and Maintaining a Common Nuisance.[1] On July 17, 2001 Watkins was found to be a habitual offender. On August 14, 2001, Watkins was sentenced to an aggregate sentence of twenty-eight years with three years suspended to probation. On August 15, 2001, Watkins was awarded a certificate of completion of eight group meetings held at the Tippecanoe County Jail for Addictions Education and Treatment Group. Watkins later received certificates, dated May 29, 2002; July 22, 2002; January 21, 2004; and October 2, 2004, for additional courses completed during incarceration.

Following imposition of his sentence in August of 2001, from 2002 to 2006 Watkins filed four petitions for modification of sentence, all of which were denied by the trial court. On September 5, 2006, Watkins filed a Verified Petition for Credit Time Not Previously Awarded. The State filed a response on September 11, 2006, and the post-conviction court denied Watkins's motion that day. Watkins filed a motion to reconsider on September 28, 2006, which the court also denied. On October 11, 2006, Watkins filed his notice of appeal.[2]

Upon appeal, Watkins claims the post-conviction court erred in failing to award him credit time for completing the above-mentioned courses, which according to Watkins, he was entitled to pursuant to Indiana Code § 35–50–6–3.3 (Burns Code Ed. Supp.2006). The State responds by urging our court to set aside the post-

---

1. The Chronological Case Summary indicates that Watkins was found guilty by a jury of the following: two counts of Dealing in a Schedule II Controlled Substance; Possession of a Schedule II Controlled Substance; Conspiracy to Commit Dealing in a Schedule II Controlled Substance; Maintaining a Common Nuisance; and Illegal Drug Lab. It does not specify those counts upon which the trial court entered judgment of conviction. Our June 18, 2002 opinion in Watkins's direct appeal assists our determination of these con-

victions. *See Watkins v. State,* No. 79A05–0109–CR–415, 770 N.E.2d 424 (Ind.Ct.App. June 18, 2002), *cited in Watkins v. State,* No. 79A02–0406–PC–479, 822 N.E.2d 663 (Ind.Ct. App. Jan. 21, 2005) (post-conviction appeal).

2. Following his notice of appeal, on January 9, 2007, Watkins filed a Motion to Remand so that he could exhaust his administrative remedies. Our court denied this motion on March 5, 2007.

conviction court's judgment and dismiss this appeal on the basis that the lower court did not have subject matter jurisdiction to rule upon Watkins's petition.

■■■ A question of subject matter jurisdiction involves the determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *Samuels v. State*, 849 N.E.2d 689, 690 (Ind.Ct.App.2006), *trans. denied; Members v. State*, 851 N.E.2d 979, 981 (Ind.Ct.App.2006), *trans. denied.* The only inquiry which is relevant to this determination is whether the kind of claim advanced by a petitioner in the post-conviction court falls within the general scope of authority conferred upon that court by constitution or statute. *Samuels*, 849 N.E.2d at 690–91; *Members*, 851 N.E.2d at 981. Subject matter jurisdiction cannot be waived, and courts are required to consider the issue *sua sponte* if it is not properly raised by the party challenging jurisdiction. *Members*, 851 N.E.2d at 981–82.

■■■ Post-conviction relief, a product of the Indiana Supreme Court, is entirely defined in scope by the post-conviction rules the Court has adopted. *Members*, 851 N.E.2d at 982 (citing *Samuels*, 849 N.E.2d at 691). Pursuant to Indiana Post–Conviction Rule 1(1)(a), post-conviction relief is available if the petitioner claims one of the following:

"(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

(2) that the court was without jurisdiction to impose sentence;

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the con-

viction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy."

In applying this rule, we observe that, similar to the defendants in *Samuels*, 849 N.E.2d at 691, and *Members*, 851 N.E.2d at 982, Watkins is not challenging his conviction or the sentence that was imposed, nor is he claiming entitlement to immediate release from prison or that his sentence exceeds the authorized sentence. Watkins's only argument upon appeal is that he was improperly denied educational credit time for various classes he attended both prior to and following sentencing.

Indiana Code § 35–50–6–3.3 provides the following in pertinent part:

"(b) [A] person may earn credit time if, while confined by the department of correction, the person:

(1) is in credit Class I;

(2) demonstrates a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain at least one (1) of the following:

\* \* \*

(B) A certificate of completion of a substance abuse program approved by the department of correction.

\* \* \*

(d) The amount of credit time a person may earn under this section is the following:

\* \* \*

(6) Not more than a total of six (6) months of credit, as determined by the

department of correction, for the completion of one (1) or more substance abuse programs approved by the department of correction."

Our court has previously held that application for educational credit time must be made to and the initial ruling thereon made by the DOC when the educational achievement was accomplished after sentencing, and by the jailing authority in cases where the educational achievement was accomplished while confined prior to sentencing. *Sander v. State*, 816 N.E.2d 75, 78 (Ind.Ct.App.2004). Here, Watkins requests credit time for classes completed both before and after sentencing.

While the court in *Sander* was considering claims for credit time pursuant to I.C. § 35–50–6–3.3(a), and Watkins's claim for credit time is made pursuant to I.C. § 35–50–6–3.3(b), the analysis in *Sander* finding credit time claims arising out of the receipt of a high school diploma to be properly before the DOC or a jailing authority is equally applicable to claims for credit time arising out of the receipt of a certificate of completion of a substance abuse program. *See Sander*, 816 N.E.2d at 78 ("When, as here, the applicant has begun serving his sentence, the DOC alone is able to assess whether the applicant has met the behavioral criterion set out in I.C. § 35–50–6–3.3. Similarly, when the relevant period consists of the time spent in confinement while awaiting trial, the jailing authority is in the best position to assess whether the applicant's behavior comported with the statutory requirement." (Citations omitted)). Here, although Watkins *completed* the 2001 group meetings at the Tippecanoe County Jail, that completion certificate was not awarded until one day after he was sentenced. One might argue that Watkins's "educational achievement [had been] *accomplished*" prior to sentencing, as set forth in *Samuels*, 849 N.E.2d at 692, and *Members*, 851 N.E.2d at 983. (Em-

phasis supplied). However, because the DOC was responsible to administer the sentence imposed on August 14, 2001 and Watkins did not receive formalization of his education accomplishment until the following day, we deem the DOC, rather than the Tippecanoe County Jail to be the appropriate authority from which to seek relief. Be that as it may, under *Sander*, the post-conviction court is not the appropriate entity from which to seek relief.

Further, upon reviewing the ruling in *Sander*, our court additionally held in *Samuels*, 849 N.E.2d at 692, and *Members*, 851 N.E.2d at 983, that a post-conviction court does not have subject matter jurisdiction to consider a DOC inmate's request for credit time pursuant to I.C. § 35–50–6–3.3 and that he must exhaust all administrative remedies with the DOC before resorting to the judicial system. Indeed, while the trial court imposes a sentence, it is the DOC which administers the sentence and consequently the DOC which maintains the responsibility to deny or restore credit time. *See Samuels*, 849 N.E.2d at 692; *Members*, 851 N.E.2d at 983.

Because there is no indication from the record that Watkins ever sought, let alone exhausted, his administrative remedies from the proper authority in pursuing his claim for credit time, we conclude pursuant to *Samuels* and *Members* that the post-conviction court was without subject matter jurisdiction to rule upon his petition. Accordingly, we set aside the judgment denying Watkins's petition and dismiss this appeal.

The judgment of the post-conviction court is set aside, and this appeal is dismissed.

ROBB, J., and VAIDIK, J., concur.