**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RODNEY S. PERRY, SR.**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RODNEY S. PERRY, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1309-CR-369 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-9701-CF-2

**April 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

<u>Case Summary and Issue</u>

Rodney S. Perry, Sr., appeals the dismissal of his Petition for Additional Credit Time Not Awarded by the Indiana Department of Correction. Perry raises the issue of whether the trial court erred when it concluded he had not exhausted his administrative remedies. Concluding Perry exhausted his administrative remedies, we reverse and remand.

<u>Facts and Procedural History</u>

In 1997, Perry broke into his estranged wife's house after his mother-in-law refused him entry. Perry then killed his wife and his mother-in-law with a baseball bat. He pled guilty to two counts of voluntary manslaughter and was sentenced to an aggregate of seventy years in the Indiana Department of Correction ("DOC"). In December 2012, Perry completed a housekeeping apprenticeship program which qualified for earned credit time under Indiana Code section 35-50-6-3.3. Perry did not immediately receive his credit time for completing the course, so in April 2013 he filed a grievance with the DOC alleging he was due credit time.[1] The DOC returned his grievance based on the fact that his complaint concerned a classification issue, which was to be handled through its own appeal process rather than the grievance process. The handwritten comment on the return of grievance form read, "Grievance process does not deal with time cuts." Appendix at 8. On April 26, Perry filed a Classification Appeal challenging the denial of his grievance and again asked for credit time for completing three different programs. On May 1, the appeal was denied because Perry's claim was not specific enough for the DOC to determine what credit Perry thought he was owed.

---

[1] The record does not contain a copy of this grievance.

2

Howard Morton, an Executive Assistant with the DOC, wrote Perry a letter accompanying the denial form asking Perry to complete the form again, providing information such as what program Perry completed, when, and why Perry believed he was entitled to a time cut. On May 10, Morton sent Perry another letter.[2] Morton stated the documentation for Perry's completion of the apprenticeship program had been submitted to the Central Office, and they would be the ones to post the time cut to Perry's record. Morton advised Perry it "may be several months before Central Office completes the approval." App. at 14. Perry was instructed to write the Director of Classification if he wished to inquire about his time cut.

On June 27, Perry wrote a letter to Daniel Bodlovich, Supervisor of Classification, asking for guidance on how to have the credit time applied to his record. Bodlovich replied, telling Perry he needed to mail the letter to the Central Office in Indianapolis if he wished to correspond with the Director of Classification. Perry then forwarded the letter to James Hendrix, the Director of Classification.[3] On August 14, 2013, after receiving no response from Hendrix, Perry filed suit in the Lake County Superior Court alleging he was due credit time and he had exhausted all of his administrative remedies. The court denied the petition the same day on the basis that Perry had not exhausted his administrative remedies. Perry now appeals.

---

[2] Perry sent Morton a letter sometime after receiving Morton's May 1 letter which prompted this response. We infer from context that Perry's letter addressed the deficiencies pointed out by Morton's May 1 letter. Perry's letter to which Morton replied on May 10 is not included in the record.

[3] The record does not include this letter.

## Discussion and Decision

A person in custody in the DOC may earn up to six months of credit for completing a career and technical educational program approved by the DOC. Ind. Code § 35-50-6-3.3(d)(5). "When educational credit time is denied, a person must exhaust his administrative remedies within the DOC before appealing to a court because determinations altering credit time are the responsibility of the DOC." Stevens, 895 N.E.2d at 419. Generally, the failure to exhaust administrative remedies is treated as an issue of subject matter jurisdiction. City of East Chicago v. Copeland, 839 N.E.2d 737, 742 (Ind. Ct. App. 2005), trans. denied. Whether the court has subject matter jurisdiction to hear a claim is a question of law which we review de novo. Id.

Perry argues his case is like Stevens, and we should find he has exhausted all of his administrative remedies. In Stevens, the appellant applied for credit time based on earning his high school diploma. The DOC denied the credit time. The appellant filed a grievance with the DOC, but it was denied because he was required to use the appeals process instead of the grievance process. He then filed a Classification Appeal, which was subsequently denied. After receiving the denial of the appeal, he filed suit. The court denied the petition without a hearing. This court determined the appellant had exhausted his administrative remedies, despite the fact there was nothing in the record to show if or why his credit time was denied. 895 N.E.2d at 420.

We find the Stevens case instructive. Here, just like in Stevens, Perry filed a grievance but was told he instead should file a Classification Appeal. He did so, and it was denied. After communicating back and forth with someone from the DOC, Perry was told his information had been sent to the Central Office in order for the credit to be

4

awarded, and to follow up with them if he had any questions. Perry then sent a letter to the supervisor of classification and was told he needed to send his letter to someone else. Only after he sent that letter and got no response did he file suit. Based on all he did to pursue the application of his credit time, we conclude Perry exhausted his administrative remedies.[4] See id. The trial court therefore has subject matter jurisdiction to consider Perry's petition on the merits. Cf. Members v. State, 851 N.E.2d 979, 983 (Ind. Ct. App. 2006) (post-conviction court lacked subject matter jurisdiction when petitioner failed to exhaust available remedies within the DOC).

## Conclusion

Concluding Perry exhausted his administrative remedies, we reverse and remand for the trial court to entertain Perry's petition on the merits without delay.

Reversed and Remanded.

RILEY, J., and BRADFORD, J., concur.

---

[4] The State argues that Perry is not entitled to relief because he already received credit for a career and technical program and he has reached the six month cap on credit in that category. We do not address whether Perry is actually entitled to the time credit which he seeks. Rather, that is an issue for the trial court's determination on remand.