**Randy McGEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A05–0211–PC–562.

Court of Appeals of Indiana.

July 2, 2003.

Randy McGee, Tell City, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Randy McGee appeals the trial court's denial of his petition for educational credit time for a high school diploma earned from an out-of-state school. We reverse and remand.

### Issue

McGee raises a single issue for our review, which we restate as whether the trial court properly denied his petition for award of educational credit time.

### Facts and Procedural History[1]

McGee was sentenced to five years at the Department of Correction ("DOC") on July 20, 2001, as a result of a plea of guilty. During his incarceration, McGee completed the requirements to obtain a diploma from the high school he had previously attended in Illinois. He was awarded a diploma from the accredited school on July 25, 2002. McGee thereafter submitted his diploma to the DOC but was denied any educational credit time. He then filed a pro se "Motion for Award of Earned Credit for Educational Degree or Diploma" in the court in which his criminal charges were brought. The motion was denied by the trial court the same day it was filed. Counsel then filed a second motion seeking the same relief; this motion, too, was denied by the trial court:

> Motion denied. The granting of credit time for educational achievement is a function of the [DOC] regulated by statute.

Appellant's Appendix at 19. McGee then initiated this appeal.

### Discussion and Decision

#### I. Jurisdiction

We note first that the State urges us to affirm the trial court's denial of McGee's motion on the basis of lack of jurisdiction. The State contends, citing Post–Conviction Rule 1(1)(a)(5), that a post-conviction court has no jurisdiction over educational credit time decisions.

Post–Conviction Rule 1 reads, in pertinent part, as follows:

> Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
>
> * * *
>
> (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;
>
> * * *
>
> may institute at any time a proceeding under this Rule to secure relief.

Ind. Post–Conviction Rule 1(1)(a)(5). Our courts have long allowed defendants to bring an action regarding credit time via a post-conviction relief petition. *See Dunn v. Jenkins,* 268 Ind. 478, 377 N.E.2d 868, 870 (1978); *Moshenek v. Anderson,* 718 N.E.2d 811, 812 (Ind.Ct.App.1999). Nonetheless, the State contends that *Dunn* should be reconsidered because it "is not consistent with the applicable rule" in that Post Conviction Rule 1 does not specifically cover complaints about credit time calculation. Brief of Appellee at 4. The State urges us to hold that McGee's claim should be brought as a *habeas corpus* petition,

---

**1.** McGee has filed a "Motion for Judgment" alleging that the State has failed to timely respond to his brief. Because the State did in fact file its Appellee's brief in accordance with the timeline ordered by this court, we deny his motion.

citing *Partlow v. Superintendent*, 756 N.E.2d 978 (Ind.Ct.App.2001).

In *Dunn*, a class action suit regarding the diminution of sentences under the then-new good time statute was brought via a *habeas* petition. Our supreme court noted that the petition was actually a petition for post-conviction relief and the trial court properly treated it as such, citing the exact provision of the Post Conviction Rules which the State now asserts does not support a post-conviction petition for credit time relief. *Dunn*, 377 N.E.2d at 870. The court also noted that "no court has jurisdiction to entertain a petition for *habeas corpus* unless it is alleged that the prisoner is entitled to immediate discharge ... [because] a prisoner can only obtain a discharge through *habeas corpus* relief, not a modification of his commitment." *Id.*

The State is correct that the defendant in *Partlow* brought his action seeking credit time relief in the form of a *habeas* petition, and in fact, this court held that the trial court erred in treating his *habeas* petition as a petition for post-conviction relief. 756 N.E.2d at 981. However, if the defendant in that case was granted the credit time he sought, then he was entitled to immediate release from prison, making a *habeas* proceeding the appropriate action. *Id.* The court in *Partlow* acknowledged that a post-conviction petition is the appropriate way to seek relief when the petitioner is attacking the validity of a conviction or sentence and/or does not allege that he is entitled to immediate discharge. *Id.* at 980.

■ Thus, we decline to revisit *Dunn*. It is not inconsistent with Post Conviction Rule 1 to allow post-conviction review of

credit time determinations when immediate release is not the relief sought.[2] McGee's motion, though not specifically designated a petition for post-conviction relief, was nonetheless properly filed in the court of his conviction and the trial court had jurisdiction to entertain his motion and review the DOC determination.

## II. Educational Credit Time

### A. Standard of Review

■ As noted above, McGee's motion basically seeks post-conviction relief and we will thus consider his issue in the context of post-conviction proceedings. Under the rules of post-conviction relief, the petitioner must establish his grounds for relief by a preponderance of the evidence. Ind. Post Conviction Rule 1, § 5. A petitioner who has been denied post-conviction relief appeals from a negative judgment, and must convince the appellate court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). In other words, we "will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998), *cert. denied*, 528 U.S. 1083, 120 S.Ct. 806, 145 L.Ed.2d 679 (2000) (citations omitted).

### B. Credit for a High School Diploma

■ Indiana Code section 35–50–6–3.3 provides, in pertinent part:

**2.** The State's position would basically leave the defendant without a suitable remedy for the improper denial of educational credit time. A *habeas* petition can not be brought until the defendant is already entitled to re-

lease. By the time a petition is heard by the trial court and reviewed by an appellate court if necessary, the benefit conferred by a grant of credit time could be moot.

(a) ... [A] person earns credit time if the person:

(1) is in credit Class I;

(2) has demonstrated a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain one of the following:

\* \* \*

(B) A high school diploma.

\* \* \*

(d) The amount of credit time a person may earn under this section is the following:

\* \* \*

(2) One (1) year for graduation from high school.

Ind.Code § 35–50–6–3.3(a), (d). McGee received his high school diploma on July 25, 2002, from Thornwood High School in South Holland, Illinois, and submitted the supporting documentation to the DOC. The DOC, citing a policy dating from March of 1998 to disallow credit for out-of-state diplomas, denied him any credit time for earning the diploma. McGee argues that the DOC policy is a denial of his constitutional right to equal protection; however, because we avoid constitutional questions when an issue can be resolved by statutory construction principles alone, we will address first the statutory requirements for credit time. *See Indiana Wholesale Wine & Liquor Co., Inc. v. State,* 695 N.E.2d 99, 107–08 (Ind.1998).

■ The statute is unambiguous on this point: a person is entitled to one year of credit time if he obtains "*a* high school diploma." Ind.Code § 35–50–6–3.3(a)(3)(B) (emphasis added).[3] The intent behind the educational credit time statute

was to enhance rehabilitation by providing incentive to further one's education while incarcerated. *See Moshenek,* 718 N.E.2d at 813. There is no basis in either the language of the statute or the purpose behind it for the DOC's policy of denying credit time for a high school diploma not earned in Indiana, assuming that the requirements for earning the out-of-state diploma are similar to Indiana's requirements. We note that Indiana Code section 35–50–6–3.3(a)(3)(C) and (D), concerning credit for associate's or bachelor's degrees from an "approved institution of higher learning" refer to the definition of that term found in Indiana Code section 20–12–21–3. Although the statute does not also specifically refer to the definition of an "approved secondary school" in relation to earning a high school diploma, we find the definition instructive:

"Approved secondary school" means a public high school located in the state and *any school, located in or outside the state,* that in the judgment of the superintendent provides a course of instruction at the secondary level and *maintains standards of instruction substantially equivalent to those of public high schools located in the state.*

Ind.Code § 20–12–21–3(3) (emphasis added).

■ For the reasons stated above, we hold that the statute does not preclude a person from earning credit time for a diploma granted by an out-of-state school as long as the standards of instruction for earning that diploma are substantially similar to those in Indiana. As we have also held that the trial court may review DOC credit time determinations, the trial court's

---

**3.** The State refers in its argument on the merits of McGee's issue to the general educational development (GED) diploma provisions of the statute. *See* Brief of Appellee at 5. We note that McGee did not receive his GED diploma by taking the GED test; rather, he completed individual class requirements via correspondence course and was granted a diploma based upon academic credits.

denial of McGee's petition is contrary to law. We therefore reverse the trial court's denial of McGee's petition. In order to receive educational credit time, McGee must also show that he is in credit class I and has demonstrated a pattern consistent with rehabilitation. As the DOC determined that McGee was not entitled to the credit solely on the basis of his diploma being awarded out-of-state, and as the trial court declined to review the DOC determination altogether, these other elements have yet to be considered. That is properly a function of the DOC initially, subject to review. We therefore remand with the following instructions: the trial court should send this case to the DOC for an initial review of McGee's entitlement to the credit in light of this opinion.

#### Conclusion

The trial court may review DOC credit time determinations. The DOC may not unilaterally deny educational credit time for out-of-state diplomas. Accordingly, the trial court erred in denying McGee's petition. The order is reversed, and this case remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J., and VAIDIK, J., concur.