Matthew W. STEVENS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee.

No. 90A05–0802–PC–90.

Court of Appeals of Indiana.

Oct. 31, 2008.

Matthew W. Stevens, Bunker Hill, IN, Appellant pro se.

Stephen R. Carter, Attorney General of Indiana, Joseph Delamater, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

GARRARD, Senior Judge.

While incarcerated Matthew Stevens applied to the Department of Corrections Director of Education for educational credit time on the basis that he had achieved a high school diploma. *See* Ind.Code § 35–50–6–3.3. The DOC denied the credit time. Stevens apparently responded to the denial by filing a grievance with the DOC. The DOC returned the grievance with the following explanation: "This grievance con-

cerns a Classification or Disciplinary action. These types of actions are to be appealed through their own appeal process and not through the grievance process." Appellant's App. at 13. Stevens subsequently filed a Classification Appeal, which was denied with the following explanation from the Director of Classification: "I do not have the authority to over ride the decision of the Director of Education, who denied your education credit for completion of a High School Diploma through the Continental Academy." Appellant's App. at 15. Following this denial, Stevens filed a petition with the trial court seeking the additional credit time. The court denied the petition without a hearing, and this appeal followed. We reverse and remand.[1]

■ We initially note that Stevens' petition is to be treated as a petition for post-conviction relief pursuant to Ind. Post–Conviction Rule 1. *See Wilson v. State,* 785 N.E.2d 1152, 1153 (Ind.Ct.App. 2003). Indiana Code Section 35–50–6–3.3 provides in relevant part that a person is entitled to educational credit time if the person: (1) is in credit Class I; (2) has demonstrated a pattern consistent with rehabilitation; and (3) successfully completes the requirements to obtain ... a high school diploma. The intent behind the educational credit time statute is to enhance rehabilitation by providing incentive to further one's education while incarcerated. *McGee v. State,* 790 N.E.2d 1067, 1070 (Ind.Ct.App.2003), *trans. denied.* When educational credit time is denied, a person

must exhaust his administrative remedies within the DOC before appealing to a court because determinations altering credit time are the responsibility of the DOC. *Members v. State,* 851 N.E.2d 979, 983 (Ind.Ct.App.2006).

■ In this appeal, Stevens filed an appendix, which he alleges contains the materials he filed with the trial court and which were returned to him when the court denied his petition. The following exhibits are attached to Stevens' petition: (1) a copy of a high school diploma awarded to Stevens by the Continental Academy that is dated June 6, 2006;[2] (2) an offender conduct summary showing no infractions since Stevens was sentenced in 2005; (3) an "Offender Grievance Program Return of Grievance" indicating a grievance from Stevens was returned to Stevens on October 10, 2006, because the grievance concerned a Classification Hearing Action, which is to be appealed through its own appeal process and not through the grievance process;[3] (4) a "Classification Appeal" from Stevens which appears to be dated October 15, 2006, wherein Stevens attempted to appeal the denial of credit for the Continental Academy diploma; and (5) a denial of the Classification Appeal, dated December 6, 2006, wherein the Director of Classification advised Stevens that he did not have the authority to override the Director of Education's decision to deny Stevens' educational credit.

---

1. The State asks us to dismiss this appeal because Stevens failed to timely file his Notice of Appeal. However, our review of the trial court's Chronological Case Summary and this Court's docket reveals that Stevens timely filed his Notice of Appeal on December 20, 2007. We therefore deny the State's request.

2. The same Florida-based Internet school was the subject of the claim in *Members,* 851 N.E.2d at 979. It was also at issue in *Samu-*

*els v. State,* 849 N.E.2d 689 (Ind.Ct.App. 2006), *trans. denied,* where two exhibits showed that the school was not accredited in the state of Florida or by any other governmental body. *Id.* at 690.

3. The form fails to state when the grievance was filed. No grievance dated prior to October 10, 2006 is included in the Appendix.

We confess that the materials before us make appellate review difficult. As the State points out in a footnote in its appellate brief, "[i]t is noteworthy that, nowhere in the record, is there a decision from the DOC stating if, and more importantly why, Defendant was denied credit time." Appellee's Br. at 5, n. 3. That, however, is precisely the point which should not elude appellate review.

Presumably Stevens' initial grievance sought to raise the issue of educational credit time. The Return of Grievance instructed him to pursue an appeal from a classification action. He did so. That appeal was denied on the basis that the Director of Classification could not overrule a decision of the Director of Education. Stevens was not advised why his application for educational credit was denied, or of any different course he could pursue to secure review of that denial. We therefore conclude that Stevens has exhausted his administrative remedies. *See City of East Chicago v. Copeland,* 839 N.E.2d 737, 743–744 (Ind.Ct.App.2005), *trans. denied.*

█ We now turn to the educational credit time statute. I.C. 35–50–6–3.3 lists two categories of educational programs from which an inmate may earn additional credit time. First, subsection (a) applies to earning a GED, a high school diploma, an associate's degree from an approved institution of higher learning, or a bachelor's degree from an approved institution of higher learning. Subsection (b) applies to vocational programs, substance abuse programs or literacy and basic life skills programs, each of which has been approved by DOC. The statute provides that the DOC shall establish both admissions and other requirements for the programs available under subsection (b). I.C. 35–50–6–3.3(c).

Stevens argues that because subsection (c) is directed only at subsection (b), his diploma from Continental Academy should automatically be entitled to recognition. He is in error.

We addressed this argument in *McGee.* There, this court found guidance in Indiana Code Section 20–12–21–3 which defines an "[a]pproved secondary school" as "a public high school located in the state and any school, located in or outside the state, that in the judgment of the superintendent provides a course of instruction at the secondary level and *maintains standards of instruction substantially equivalent to those of public high schools located in this state.*" (Emphasis in the original). *McGee,* 790 N.E.2d at 1070. This court found this definition inherent in the reference to a high school diploma contained in I.C. 35–50–6–3.3(a). *Id.* We fully agree with that determination. On the record before us, we cannot say whether Continental Academy does or does not meet those requirements.

We therefore adopt the remedy applied in *McGee.* Because the trial court has jurisdiction to review DOC's credit time determination, we reverse and remand with instructions for the trial court to send this case to the DOC for a review and determination of Stevens' entitlement to the credit on all three grounds enumerated in I.C. 35–50–6–3.3(a).

Reversed and remanded.

BARNES, J., and BAILEY, J., concur.