James F. **GLASS**, Sr., Appellant–Petitioner,

v.

Jeff **WRIGLEY**, Appellee–Respondent.

No. 33A05–0807–CV–394.

Court of Appeals of Indiana.

Nov. 14, 2008.

Publication Ordered Dec. 10, 2008.

Transfer Denied Feb. 19, 2009.

James F. Glass, Sr., New Castle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

James F. Glass, Sr. appeals from the trial court's order granting summary disposition to Jeff Wrigley, the Superintendant of the New Castle Correctional Facility, in Glass's petition for writ of habeas corpus. He raises the following issue: whether the trial court erroneously denied his petition for writ for habeas corpus regarding an educational credit against his release date.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 1988, Glass was convicted of murder and sentenced to forty years in the Department of Correction ("DOC"). While incarcerated, Glass received a "College Preparatory Diploma" from James Madison High School ("James Madison") in Atlanta, Georgia. *Appellant's App.* at 8. During the time that he was at the Miami Correctional Facility, the staff denied Glass's request for credit time pursuant to this receipt of his high school diploma. Glass filed a grievance, which was denied by the Miami Correctional Facility and the DOC due to the fact that his diploma from

James Madison was not substantially similar to diplomas issued by Indiana's accredited high schools. *Appellee's App.* at 13.

On April 8, 2008, Glass filed a petition for writ of habeas corpus contending that his constitutional rights were violated by his alleged illegal restraint. In his complaint, Glass argued that his rights were violated because the DOC, specifically the staff at the Miami Correctional Facility, denied him credit time for obtaining his high school diploma. He filed the petition against Wrigley in Henry County, as he was being held at the New Castle Correctional Facility at the time the petition was filed. On May 12, 2008, Wrigley, who was represented by the Indiana Attorney General, filed a motion for summary disposition. On May 28, 2008, the trial court issued its findings, conclusions, and order denying Glass's petition. Glass now appeals.

## DISCUSSION AND DECISION

■ Glass argues that the trial court erred when it denied his habeas corpus petition for an educational credit and immediate release. He contends that he should have been given educational credit time for obtaining his high school diploma pursuant to Indiana Code section 35–50–6–3.3. He alleges that the DOC's denial of educational credit time was solely based on the fact that James Madison was an out-of-state school and that the DOC cannot unilaterally deny educational credit for a diploma not earned in Indiana. He claims that he should have received credit time for the receipt of his diploma and he is entitled to immediate release from incarceration. Glass and the State are not in agreement as to whether Glass's petition is properly one for habeas corpus or one for post-conviction relief. Because the outcome is the same either way, we save this issue for another day.

■ Indiana Code section 35–50–6–3.3 provides in pertinent part:

> (a) . . . [A] person earns credit time if the person:
>
>   (1) is in credit Class I;
>
>   (2) has demonstrated a pattern consistent with rehabilitation; and
>
>   (3) successfully completes requirements to obtain one of the following:
>
> . . .
>
>   (B) A high school diploma.
>
> . . .
>
> (d) The amount of credit time a person may earn under this section is the following:
>
> . . .
>
>   (2) One (1) year for graduation from high school.

Ind.Code § 35–50–6–3.3(a), (d). In *McGee v. State,* 790 N.E.2d 1067 (Ind.Ct.App. 2003), *trans. denied,* a panel of this court stated that there is no basis for unilaterally denying credit for an out-of-state diploma and held that a person is not precluded from earning credit time for a diploma granted by an out-of-state school as long as the standards of instruction for earning that diploma are substantially similar to those in Indiana. *Id.* at 1070. Therefore, in order to receive educational credit time for receiving a high school diploma from an out-of-state school, Glass was required to demonstrate that the standard of instruction at the school were substantially similar to those in Indiana.

Here, the trial court found[1] that the standards of instruction for earning a diploma from James Madison, which is a correspondence program located in Atlanta, Georgia, were not substantially similar to Indiana standards. The trial court specifically found that James Madison did not meet Indiana's standards because it did not require proctoring of its exams during courses and did not include a final examination equivalent to Indiana's ISTEP+ prior to awarding a high school diploma. Under Indiana Code section 20–32–4–1, Indiana requires that the academic standards tested in a graduation examination be met before a candidate is eligible to graduate. Additionally, the trial court found that Glass had failed to provide any documentation to demonstrate that James Madison was accredited by any government organization, including the State of Georgia. Therefore, the trial court determined that the DOC did not unilaterally deny Glass educational credit merely because he received a diploma from an out-of-state school. We agree with the trial court's reasoning.

Glass failed to show that James Madison had standards of instruction for earning a high school diploma that were substantially similar to those in Indiana. He did not provide any evidence that James Madison either provided proctors for exams given or required a graduation examination equivalent to Indiana's ISTEP+ prior to awarding a high school diploma. The only evidence Glass presented to prove that James Madison's instructional standards were substantially similar to Indiana's standards was that James Madison was accredited by the Distance Education and Training Council. This Council is an accrediting commission recognized nationally by the United States Department of Education but is not a governmental organization. Glass did not show that James Madison was accredited by the state of Georgia or any governmental organization. We therefore conclude that Glass was not entitled to credit time for receiving a high

---

1. We commend the trial court on its thorough findings, which greatly facilitated our appellate review.

school diploma as he did not establish that James Madison had standards of instruction for earning a diploma that were substantially similar to those in Indiana. The trial court did not err in denying Glass's petition and granting summary disposition to Wrigley.[2]

Affirmed.

VAIDIK, J., and CRONE, J., concur.

## ORDER

On November 14, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The appellant, by counsel, has filed a Verified Motion for Publication.

Having considered the matter, the court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Verified Motion for Publication is GRANTED and this Court's opinion handed down in this cause on November 14, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

2. The Clerk of this Court is DIRECTED to send copies of said opinion together with copies of this Order to the Thomson Reuters West Publishing Company and to all other services to which published opinions are normally sent.

Kirsch, Vaidik, Crone, JJ., concur.

---

[2] Glass also argues that the trial court abused its discretion when it allowed the Attorney General to represent Wrigley, the Superintendent of the New Castle Correctional Facility, because the facility is managed by GEO Group, Inc., a private corporation, and the State is only allowed to represent state entities and employees. Under Indiana Code section 34–13–3–15(4), the Attorney General "shall defend, as chief counsel, the state and state employees." Under Indiana Code section 4–6–1–6, the attorney general "shall represent the state in any matter involving the rights or interests of the state." Here, when the Attorney General entered an appearance on behalf of Wrigley, it was entering an appearance to defend the actions of the DOC in denying Glass credit time, which occurred at a DOC institution, by DOC staff. Therefore, the trial court properly allowed the Attorney General to enter an appearance on behalf of Wrigley.