**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 28 2012, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN MCINTYRE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  28A04-1207-PC-377 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE GREENE CIRCUIT COURT
The Honorable Erik C. Allen, Judge
Cause No. 28C01-1110-PC-39

**December 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant in this case, Steven McIntyre, is appealing the post-conviction court's grant of the State's motion to correct error regarding McIntyre's request for credit time stemming from his completion of a high school diploma from Cornerstone Christian Correspondence School (Cornerstone), while he was incarcerated in the Indiana Department of Correction (DOC). Because it was established that Cornerstone's standards of instruction are not substantially similar to those in Indiana, McIntyre is not entitled to credit time. Thus, we affirm the post-conviction relief court's judgment in granting the State's motion to correct error and deny McIntyre's request for relief.

FACTS

McIntyre is currently incarcerated at the Putnamville Correctional Facility (Putnamville) serving a ten-year sentence for robbery,[1] a class B felony, with an earliest possible release date of February 5, 2014.

On October 26, 2011, McIntyre filed a pro se petition for post-conviction relief, seeking educational credit time for a high school diploma that he earned from Cornerstone. Included in McIntyre's documentation was a response from the DOC, explaining that it did "not recognize Cornerstone as an accredited school; therefore, there can not (sic) be any reduction in credit time awarded by the Indiana Department of Correction." Id. at 18.

On January 25, 2012, McIntyre, by counsel, filed an amended petition for post-conviction relief, claiming in part that:

---

[1] Ind. Code § 35-50-2-5.

a. Mr. McIntyre was denied credit time in violation of I.C.§35-50-6-3.3, the Fourteenth Amendment to, and Article I, §9 of, the United States Constitution and Article I, §24 of the Indiana Constitution in that an ex post facto regulation was promulgated as to him.

Further allegations were that

a. Mr. McIntyre received his High School Diploma from Cornerstone Christian Correspondence School, a school accredited by Accrediting Commission International, on March 16, 2010;

b. As of August 24, 2010, the Indiana Department of Correction no longer recognized Cornerstone Christian Correspondence School as an accredited school, therefore Mr. McIntyre was denied credit time for which he otherwise would have been eligible, was denied;

c. The effect of DOC's refusal to recognize Cornerstone Christian Correspondence School after Mr. McIntyre received his High School Diploma, was retroactive.

Appellant's App. p. 32.

On February 8, 2012, the State indicated that it did not object to McIntyre's request for relief. Thus, McIntyre's petition for post-conviction relief was granted. Thereafter, the State filed a motion to correct error, stating in part that:

2. [The] DOC is the proper party to respond to McIntyre's request for educational credit time. Indiana Dept. of Correction v. Haley, 928 N.E.2d 840, 847 (Ind. Ct. App. 2010). DOC was not made aware of this case until after the Court's February 8, 2012 Order; and therefore, DOC has not been given a meaningful opportunity to respond.

3. The standard instruction for earning a degree at Cornerstone Christian Correspondence School is not substantially equivalent to those of public high schools located in the state of Indiana. McGee v. State, 790 N.E.2d

3

1067. Therefore, McIntyre is not entitled to any credit time for his diploma from Cornerstone Christian Correspondence School.

Appellant's App. p. 62-63. Thereafter, the post-conviction court granted the State's motion to correct error and denied McIntyre's request for relief. It was determined that "McIntyre is not entitled to credit time for his alleged high school diploma through Cornerstone Christian Correspondence School as Cornerstone's standard of instruction is not substantially similar to those in Indiana. McGee v. State, 790 N.E.2d 1067, 1070 (Ind. Ct. App. 2003)." McIntyre now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We initially observe that a trial court has wide discretion when ruling on a motion to correct error. Dughaish v. Cobb, 729 N.E.2d 159, 167 (Ind. Ct. App. 2000). We have observed that only when a trial court has abused its discretion will we reverse a decision. Id. "An abuse of discretion will be found when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom" or the trial court's decision "is without reason or is based upon impermissible reasons or considerations." Id.

Moreover, we note that the post-conviction court treated McIntyre's request for credit time as a petition for post-conviction relief which may be decided by summary disposition on the pleadings. Ind. Post-Conviction Rule 4(f) and 9(g); Diaz v. State, 753 N.E.2d 724, 727 (Ind. Ct. App. 2001). The standard for reviewing a grant of summary

4

judgment is well established. The plaintiff in the case must demonstrate that the trial court erroneously determined that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. Voit v. Allen Cnty., 634 N.E.2d 767, 768 (Ind. Ct. App. 1994). In Young v. State, 888 N.E.2d 1255, 1256 (Ind. 2008), our Supreme Court approved post-conviction proceedings brought to address credit time questions.

## II. McIntyre's Claims

In addressing McIntyre's contentions that he should have been afforded credit time for earning a high school diploma at Cornerstone, we note that Indiana Code Section 35-50-6-3.3 provides a framework for awarding credit time to offenders based on completion of specific programs and maintaining certain requirements. The statute authorizes specific awards of credit time when: 1) the offender is in credit Class I; 2) the offender has demonstrated a pattern consistent with rehabilitation; and 3) the offender successfully completes requirements to obtain one of a number of educational awards. Ind. Code § 35-50-6-3.3(a) and (b).

In this case, McIntyre did not prove that he was in Credit Class I or that he had demonstrated a pattern of behavior consistent with rehabilitation. Also, while McIntyre asserted that his high school diploma from Cornerstone qualified as a high school diploma under Indiana Code section 35-50-6-3.3(a), it does not.

In pertinent part, Indiana Code section 35-50-6-3.3(n), provides that

For a person to earn credit time under subsection (a)(3)(B) for successfully completing the requirements for a high school diploma through correspondence courses, each correspondence course must be approved by the department before the person begins the correspondence course. The department may approve a correspondence course only if the entity administering the course is recognized and accredited by the department of education in the state where the entity is located.

Indeed, while the high school from which a diploma is received does not have to be an Indiana high school it must, by statute, have standards as high as those in Indiana as determined by the Indiana Superintendent of Public Instruction. McGee v. State, 790 N.E.2d 1067, 1070 (Ind. Ct. App. 2003). In McGee, we cited the provisions of Indiana Code section 20-12-21-3(3),[2] and observed that

"Approved secondary school" means a public high school located in the state and any school, located in or outside the state, that in the judgment of the superintendent provides a course of instruction at the secondary level and maintains standards of instruction substantially equivalent to those of public high schools located in the state.

Id. We then noted that "the statute does not preclude a person from earning credit time for a diploma granted by an out-of-state school as long as the standards of instruction for earning that diploma are substantially similar to those in Indiana." Id.

We reiterated this determination in Glass v. Wrigley, 899 N.E.2d 652, 654 (Ind. Ct. App. 2008), concluding that in order to receive educational credit time for receiving a high school diploma from an out-of-state school, Glass was required to demonstrate that "the standard[s] of instruction at the school were substantially similar to those in

---

[2] Pursuant to P.L. 2-2007 section 390, Ind. Code § 20-12-21-2 was repealed and replaced by Ind. Code § 21-7-13-6.

Indiana." The school in <u>Glass</u> did not satisfy Indiana requirements because there was not a proctoring of exams or an ISTEP examination. Glass also failed to demonstrate that the school was accredited by <u>any</u> government organization. <u>Id.</u>

Indiana requires a graduation qualifying examination that does not exist at Cornerstone. <u>See</u> Ind. Code §§ 20-18-2-6; 20-32-2-2; 20-32-4-1; and 20-32-5-1 to 20-32-5-6. Also, Cornerstone's course of instruction has not been shown to include a final examination that is equivalent to Indiana's ISTEP testing prior to awarding high school diplomas.

In sum, Cornerstone does not satisfy Indiana standards and is not currently accredited. Therefore, the trial court properly granted the State's motion to correct error, thus denying McIntyre's petition for educational credit time.[3]

The judgment of the post-conviction court is affirmed.

BARNES, J., and RILEY, J., concur.

---

[3] As an aside, we note that McIntyre also challenged the propriety of the Indiana Attorney General's (Attorney General) ability to participate in these proceedings. Contrary to McIntyre's claims, the Attorney General's office derives its authority to represent the DOC in various matters from Indiana Code sections 4-6-1-6 and 4-6-2-1. In <u>Glass,</u> it was determined that the Attorney General was the proper party to appear for the superintendent of the DOC when the offender was appealing the denial of educational credit time for a high school diploma from an out-of-state facility. 899 N.E.2d at 655 n.1.