## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2018, 6:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Christopher Simpson
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Francis H. Barrow
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Simpson,

*Appellant*,

v.

State of Indiana,

*Appellee*.

October 30, 2018

Court of Appeals Case No.
18A-CR-1347

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1308-FB-519

**Brown, Judge.**

[1] Christopher Simpson, *pro se*, appeals from the trial court's denial of his motion for credit time. We affirm.

## Facts and Procedural History

[2] On October 15, 2015, the trial court entered a judgment of conviction providing that Simpson committed the offenses of burglary as a class B felony under Count I and criminal deviate conduct as a class B felony under Count II. The court sentenced Simpson to consecutive terms of ten years in the Indiana Department of Correction (the "DOC") with four years suspended for his conviction under Count I and ten years with four years suspended for his conviction under Count II.

[3] In November 2017, Simpson pursued a grievance stating that he was denied credit for completing the Purposeful Living Units Serve program (the "PLUS Program"). The Classification Division of the DOC sent a letter dated November 16, 2017, to Simpson which provided:

> This letter is in response to your recent correspondence concerning time cuts for programs completed.
>
> The time cut for "PLUS" was denied. Part of your current incarceration includes a sex offense listed under IC 11-8-8-4.5, therefore, you are not eligible to receive reformative program time cuts. Credit time is not an appealable issue.

Appellant's Appendix Volume 2 at 24.

[4] In April or May 2018, Simpson filed a petition for educational credit with the trial court requesting credit pursuant to Ind. Code § 35-50-6-3.3 and a

memorandum in support of his petition. Simpson alleged that he completed the PLUS Program on January 10, 2017, and that the DOC failed to award him educational credit for completion of the program. He argued that, while Ind. Code § 35-50-6-3.3(d) provides in part that a person serving a sentence for an offense listed under Ind. Code § 11-8-8-4.5 may not earn the educational credit, he was serving a sentence for the offense of burglary and would "not complete said sentence until April 16, 2018" and that he enrolled in and completed the PLUS Program "while serving 'a sentence' for an offense NOT listed under I.C. § 11-8-8-4.5." *Id.* at 12. Simpson attached a portion of a DOC manual which listed the PLUS Program as an approved reformative program. The State filed a response in opposition to Simpson's petition in which it argued that Simpson "was convicted and is serving his sentence, in part, as a result of his conviction for Criminal Deviate Conduct, a class B felony, a sex offense enumerated in I.C. 11-8-8-4.5" and that he is therefore ineligible for educational credit. *Id*. at 33. The court denied Simpson's petition.

## *Discussion*

[5] Simpson claims the trial court should have granted his request for credit time under Ind. Code § 35-50-6-3.3. We treat Simpson's petition as one for relief under Ind. Post-Conviction Rule 1. *See Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008) (noting a request for credit time under Ind. Code § 35-50-6-3.3 is treated as a petition for relief under Post-Conviction Rule 1). Simpson is appealing from a negative judgment and must convince this court the evidence

leads unerringly and unmistakably to a decision opposite that reached by the trial court. *See Sander v. State*, 816 N.E.2d 75, 76 (Ind. Ct. App. 2004).

[6] Simpson argues that he enrolled in and completed the PLUS Program while "serving the first sentence for burglary." Appellant's Brief at 6. He asserts "the DOC is proceeding under the false premise that a person who serves consecutive sentences is, in effect, serving a single sentence" and that he "did not begin serving 'a sentence' enumerated in I.C. § 11-8-8-4.5 until April 17, 2018, well after he enrolled in and completed the PLUS program." *Id*. at 9-10.

[7] The State maintains that Simpson is not entitled to credit time, he is precluded by Ind. Code § 35-50-6-3.3(d)(8) from receiving his requested credit time for completion of the PLUS Program due to his conviction for criminal deviate conduct, and credit time is applied to or deducted from the aggregate sentence imposed and not an individual sentence.

[8] Ind. Code § 35-50-6-0.5 defines "Educational credit" to mean "a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program." Ind. Code § 35-50-6-3.3 provides in part that a person may earn educational credit if, while confined by the DOC, the person is in credit Class I, Class A, or Class B; demonstrates a pattern consistent with rehabilitation; and "successfully completes requirements to obtain at least one (1) of the following: . . . (D) A certificate of completion of a reformative program approved by the department of correction." Ind. Code § 35-50-6-3.3 further provides:

(d)     The amount of educational credit a person may earn under this section is the following:

* * * * *

(8)     Not more than a total of six (6) months, as determined by the department of correction, for completion of one (1) or more reformative programs approved by the department of correction. *However, a person who is serving a sentence for an offense listed under IC 11-8-8-4.5 may not earn educational credit under this subdivision.*

* * * * *

(f)     Educational credit earned by a person under this section is subtracted *from the release date* that would otherwise apply to the person by the sentencing court after subtracting all other credit time earned by the person.

(Emphases added). Ind. Code § 11-8-8-4.5, in turn, lists the offense of "Criminal deviate conduct (IC 35-42-4-2) (before its repeal)." Ind. Code § 11-8-8-4.5(a)(2).

[9]     The Indiana Supreme Court has held that "when consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." *State v. Lotaki*, 4 N.E.3d 656, 657 (Ind. 2014). *See also Shane v. State*, 716 N.E.2d 391, 400 (Ind. 1999) ("Where a defendant is convicted of multiple offenses and sentenced to consecutive terms, the jail credit is applied against the aggregate sentence."). Simpson is committed to the DOC for his convictions for burglary and criminal deviate conduct, an offense listed under Ind. Code § 11-8-8-4.5. Based on Ind. Code §

35-50-6-3.3 and in light of *Lotaki*, he is not entitled to an educational credit. Simpson has not established that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the trial court.

## *Conclusion*

[10] For the foregoing reasons, we affirm the trial court's ruling.

[11] Affirmed.

Altice, J., and Tavitas, J., concur.