## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2019, 10:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Tony Walker<br>Carlisle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Monika Prekopa Talbot<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony Walker,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | December 19, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1469<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Grant Hawkins, Judge<br><br>Trial Court Cause No.<br>49G05-0510-FA-182546 |

**Brown, Judge.**

[1] Tony Walker, *pro se*, appeals the trial court's denial of his petition for credit time. We affirm.

## *Facts and Procedural History*

[2] On October 21, 2005, the State charged Walker with various offenses,[1] on October 18, 2007, the trial court found him guilty. On October 22, 2007, Walker pled guilty to being an habitual offender. The court sentenced him to sixty years for Count I, thirty years for Count VIII, and four years for Count IX, and ordered that the sentence for Count I be served consecutive to Count VIII. The court enhanced Count I by thirty years due to his status as an habitual offender.

[3] In a letter dated March 4, 2019, Walker wrote to the Classification Division of the Wabash Valley Correctional Facility indicating that he completed the Plus Program on June 9, 2014, and was eligible to receive a time cut because he fell "under the old law and began the program before ap-01-04-101 went into effect." Appellant's Appendix Volume II at 30. In a letter addressed to Walker dated April 16, 2019, K. Staton of the Classification Division wrote: "The time cut for 'PLUS' was denied. Part of your current incarceration includes a sex offense listed under IC 11-8-8-4.5, therefore, you are not eligible to receive

---

[1] The State notes that the record does not contain the charging information and that the chronological case summary is unclear about the nature of the charges. *See* Appellee's Brief at 4 n.2.

reformative program time cuts. Time cut decisions are not appealable, therefore your appeal is being returned to you." *Id.* at 29.

[4] On May 16, 2019, Walker filed a verified petition for credit time in the Marion Circuit Court alleging that he completed the Plus Program in June 2014 and the program allowed him to receive additional credit time pursuant to Life Skills Programs under Ind. Code § 35-50-6-3.3. The court denied the petition.

### *Discussion*

[5] Walker appears to argue that the former credit restricted felon statute, Ind. Code § 35-41-1-5.5, did not apply to him because he was convicted in 2007, and that application of the statute would be an unconstitutional ex post facto violation. He also claims the trial court should have granted his request for credit time under Ind. Code § 35-50-6-3.3. He contends that he meets the statutory requirements for earning credit time under Ind. Code § 35-50-6-3 because the PLUS Program is a program approved by the Department of Correction. The State acknowledges that Walker is correct that he is not a credit restricted felon, but argues that Walker has failed to show that he was in credit class I, A, or B as required by Ind. Code § 35-50-6-3.3(b)(1), that he has demonstrated a pattern consistent with rehabilitation, or that he completed the PLUS program.

[6] We observe that Walker is proceeding *pro se*. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. We treat Walker's petition as one for relief under Ind. Post-

Conviction Rule 1. *See Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008) (noting a request for credit time under Ind. Code § 35-50-6-3.3 is treated as a petition for relief under Post-Conviction Rule 1). Walker is appealing from a negative judgment and must convince this court the evidence leads unerringly and unmistakably to a decision opposite that reached by the trial court. *See Sander v. State*, 816 N.E.2d 75, 76 (Ind. Ct. App. 2004).

[7]     Ind. Code § 35-50-6-3.3(b) provides:

> (b) In addition to any educational credit that a person earns under subsection (a), or good time credit a person earns under section 3 or 3.1 of this chapter, a person may earn educational credit if, while confined by the department of correction, the person:
>
>> (1) is in credit Class I, Class A, or Class B;
>>
>> (2) demonstrates a pattern consistent with rehabilitation; and
>>
>> (3) successfully completes requirements to obtain at least one (1) of the following:
>>
>>> (A) A certificate of completion of a career and technical or vocational education program approved by the department of correction.
>>>
>>> (B) A certificate of completion of a substance abuse program approved by the department of correction.
>>>
>>> (C) A certificate of completion of a literacy and basic life skills program approved by the department of correction.
>>>
>>> (D) A certificate of completion of a reformative program approved by the department of correction.

[8]     As observed by the State, Walker does not argue or point to the record to indicate that he met the other requirements of Ind. Code § 35-50-6-3.3(b).  We cannot say that Walker has demonstrated that the evidence leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.

[9]     For the foregoing reasons, we affirm.

[10]    Affirmed.

Baker, J., and Riley, J., concur.